UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. MCDERMOTT,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>  )<br>CORPORATION OF THE UNITED  )<br>STATES INC. *et al.*,  )<br>  )<br>    Defendants.  ) | Civil Action No.  25-02222 (UNA) |

## MEMORANDUM OPINION

The plaintiff, representing himself, sues the United States "and related corporate agencies" for alleged antitrust violations and seeks leave to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP motion and dismisses the case.

The plaintiff, a resident of Forest Heights, Maryland, names as defendants "the Corporation of the United States Inc.," the U.S. Departments of Defense, Treasury, Justice, and State, the Federal Bureau of Investigation, and "The Corporations Legal Advisors," including the American Bar Association, Inc., and the law firm of Sidley Austin LLP. Compl. Caption. The prolix "Verified Complaint" is styled as "An Antitrust Action Brought Under the Sherman and Clayton Act, 15 U.S.C. §§ 12-27, Arising from Defendants' Unlawful Use of Government Authority." ECF No. 1 at 1. The plaintiff alleges generally that the defendants "through prolonged and coordinated legal obstruction have abused their positions of authority in public office and corporate power to systemically undermine" his "rights" and have "cause[d] ongoing economic, reputational, and civil injury over a span of three decades." *Id*. at 4. He posits that such acts "rise to the level

of a continuing conspiracy in restraint of trade and denial of rights secured by federal law," *id.*, and demands "$2 million plus," Civ. Cover Sheet, ECF No. 1-1 at 2.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The United States, its agencies, and officials sued in their official capacity are immune from suit save "clear congressional consent," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), "unequivocally expressed in statutory text," *Lane v. Pena*, 518 U.S. 187, 192 (1996). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

Congress has not waived the United States' immunity from antitrust lawsuits. *See U.S. Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 745 (2004) (reaffirming that "the United States is not a proper antitrust defendant"). An "in forma pauperis complaint is properly dismissed as frivolous prior to service of process if," as here, "it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Also, the Court "shall dismiss" an action that seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(iii). Therefore, this case will be dismissed by separate order.

_____/s/_____<br>
DABNEY L. FRIEDRICH<br>
United States District Judge

Date: October 27, 2025